# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 2:14-cr-00020-MR-DLH

| | |
|---|---|
| UNITED STATES OF AMERICA,        )<br>                                                          )<br>                          Plaintiff,   )<br>                                                          )<br>       vs.                                           )<br>                                                          )<br>WILLIAM B. STOKES, JR.,              )<br>                                                          )<br>                          Defendant.  )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [Doc. 31].

On December 31, 2014, the Defendant pleaded guilty pursuant to a written plea agreement to uttering counterfeit securities, and aiding and abetting others in the same, in violation of 18 U.S.C. §§ 471 and 2. The Defendant was sentenced on December 22, 2015 to a term of 41 months' imprisonment. [Doc. 27]. The Defendant did not file a direct appeal.

In his motion, the Defendant moves pursuant to 18 U.S.C. § 3582(c)(2) to reduce his sentence based on Amendment 794 of the United States Sentencing Guidelines. Amendment 794, however, became effective on November 1, 2015, and was therefore in effect at the time of the Defendant's

sentencing. Section 3582 allows the Court to modify a sentence based on a sentencing range that was "subsequently" lowered. 18 U.S.C. § 3582(c)(2) As Amendment 794 was already in effect by the time that the Defendant was sentenced, his request for relief under § 3582(c)(2) must be denied. See United States v. Fareed, No. Crim. 04-499, 2006 WL 624895, at *2 (D.N.J. Mar. 9, 2006).

Even if the Defendant could seek relief under § 3582(c)(2), he is not entitled to any reduction of his sentence. Amendment 794 amended the commentary to U.S.S.G. § 3B1.2 in order to provide a list of non-exhaustive factors for the sentencing court to consider in determining whether to apply a mitigating role adjustment. See U.S.S.G. app. C, amend. 794, at 116. Here, the Defendant received a four-level *increase* based on his role as an organizer or leader if a criminal activity that involved five or more participants. See U.S.S.G. § 3B1.1(a). Amendment 794 does not apply to § 3B1.1(a), the guideline under which the Defendant was sentenced.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [Doc. 31] is **DENIED**.

**IT IS SO ORDERED.**       Signed: July 26, 2016

Martin Reidinger
United States District Judge